From George Ross Eshleman, Lancaster, Pa.

## Stern & Co. v. Hughes.

*William J. McCarter, Jr.,* for plaintiff.
*Howard Kirk* and *Harry J. Woodward,* for defendant.

BROOMALL, J., October 17, 1930.—When the above case was called for trial, neither defendant nor her counsel were present in court. We proceeded in their absence, the jury rendering a verdict for plaintiff for the goods and chattels described in the writ. Defendant has moved the court for a new trial.

Ordinarily, we would enforce the rule laid down by our brother MacDade, J., in Del Vecchio *v.* Davis, 20 Delaware County Reports, 506, that the absence neither of defendant nor of her counsel is a sufficient reason for granting a new trial. However, this rule will not be enforced where it is apparent from the face of the record that such action would result in injustice to defendant.

It appears from the record that among the items in the declaration of plaintiff is "1 West 1561 mirror," which item also appears in the writ and is covered by the sheriff's return. Further examination of the exhibit attached to the statement of claim, being the lease between the parties, shows in the schedule of goods the price for each article, but after the mirror instead of the price we find the word "gratis." This is fully set forth in the affidavit of defense. It is clear that if plaintiff gave the mirror to defendant at the time

of entering into the lease, plaintiff had no right to recover it in these proceedings. There was no evidence offered by plaintiff as to this item. It may be shown that it was included in the leased articles without charge therefor; in such case, depending upon oral testimony, the question would necessarily be for the jury, and as to that item at least there might be a verdict for defendant for its value. It would, of course, carry costs with it. There was no evidence submitted as to the value of the mirror. For this reason we can only grant the defendant's motion upon terms.

And now, to wit, October 17, 1930, if plaintiff and defendant will file of record within fifteen days a stipulation fixing the value of the mirror and agree that judgment for defendant be entered for that amount and costs and a verdict for plaintiff for the remaining goods and chattels described in the writ, then defendant's motion for a new trial is dismissed and judgment and verdict directed in accordance herewith; or if the parties should not so stipulate and agree within the time named, then, upon payment to the prothonotary within thirty days by defendant of all costs accrued to date, the motion for a new trial is allowed and a new trial granted, otherwise same is refused and judgment to be entered on verdict as rendered for plaintiff.

From William R. Toal, Media, Pa.